EPHRAIM WOODMAN *versus* THE INHABITANTS OF THE COUNTY OF SOMERSET.

The County Commissioners, by the statute of 1821, c. 118, had jurisdiction of the question, whether a new county road was or was not opened and made according to the return of its location; and their decision is conclusive until vacated by some legal process or proceeding.

Where the return of the road states, that stone monuments had been set up and marked at the angles of the road, and also gives the courses and distances, and there is disagreement between them and the monuments, the courses and distances may be corrected by the monuments named in the return.

When a road has been laid out by the County Commissioners, and a return thereof has been made, accepted and recorded, and the damages have been assessed and a return thereof has been made and accepted, the proceedings under the original petition are closed and completed. A petition to have the same way opened and made is, therefore, a new process, and not a continuance of the old one.

If the land be in one county at the time when the proceedings in the laying out and establishment of the road and assessment of the damages were closed and completed, and was afterwards included within the limits of a new county, before the damages were paid, the former county is liable for the payment of such damages.

The remedy provided by Stat. 1838, c. 399, in case of a refusal to pay such damages, was an action of debt; and the clerk of the courts for the county had no authority, as clerk, to change the remedy into an action of assumpsit, or to bind the county for its payment, by drawing an order upon the county treasurer for the payment of the damages.

ASSUMPSIT upon an instrument of which the following is a

copy : — " Somerset ss. Clerk's office at Norridgewock, Nov. 13, 1839. To Mark S. Blunt, Esq. County Treasurer.

"Pay to Ephraim Woodman out of the treasury of said county, the sum of one hundred and forty-three dollars and eighty-three cents, for damages awarded him by a jury authorized by the County Commissioners, on account of the location of a road passing through his land in the town of Phillips, on the petition of John L. Blake & others, Oct. Term, 1834, as per order of the County Commissioners, March Term, 1838, when evidence is produced, that the road is opened, that evidence being now produced and on file.

" J. Gould, Clerk."

It appeared in evidence, that on the day of its date, the plaintiff presented the proceedings in relation to the road to Mr. Gould, clerk of the courts for the county of Somerset, and requested an order for the payment of his damages. The clerk objected to giving the plaintiff the order, on the ground, that it had been said that the county of Franklin, and not the county of Somerset, ought to pay the damages. The plaintiff then said that he would see, that the clerk was exonerated from all blame, and would not enforce the order, if the County Commissioners should refuse to pay it. The order was drawn, and presented to the county treasurer on the same day, and payment refused.

The substance of all the facts appearing on the papers is stated in the opinion of the Court. The Court was to decide upon the rights of the parties upon the records and evidence, or such of it as was admissible, and enter a nonsuit or default.

*Leavitt,* County Attorney of Somerset, for the defendants, objected to the plaintiff's right to recover : —

First. Because the road was not made upon the plaintiff's land where it was located by the County Commissioners.

Second. Because, before the road was opened and made, the territory over which it passes was incorporated into a new county by the name of Franklin ; and because, after such incorporation, such proceedings were had by the Commissioners of the new county as made the proceedings in relation to this

road the acts of said new county ; and that county should pay the damages, if the plaintiff was entitled to any. The subsequent proceedings should have been proceeded on by the Commissioners of the county of Somerset. The act creating the new county expressly provides, that all unfinished business should be proceeded on and finished in the county where it might be pending.

Third. Because the order on which this suit is founded was improperly drawn by the clerk, without authority; and the plaintiff received it upon a condition, which he has not complied with. His remedy, if any he has against the county of Somerset, is by an action of debt upon the judgment, and not upon this order.

*J. Randall, Jr.*, for the plaintiff, contended that the first objection made to the plaintiff's recovery was groundless, because the competent tribunal, the County Commissioners, had adjudicated upon that question, and decided that the road was made where it was located. The parol evidence to show, that it was not so located was inadmissible. 3 Mass. R. 408 ; 7 Mass. R. 518 and 496 ; 8 Mass. R. 146 ; 1 Greenl. Ev. 565. All proceedings in relation to the location of county roads are to be deemed valid, however erroneous and imperfect they may be, until quashed on a writ of *certiorari*. 2 Greenl. 61. But were the question an open one, permanent monuments are to govern in the location of the road, as well as in a deed of land, in preference to points of compass, or length of lines.

In reference to the second objection, it was said that the proceedings under the original petition, pending in the county of Somerset, were entirely ended, and nothing more could be done under that petition. Any new process, relating to this or any other road within its limits, must be instituted in the county of Franklin when it became a county. The petition to have the road opened is a new proceeding.

As to the third objection, it was said, that when the report was accepted by the County Commissioners, awarding damages to the plaintiff, to be paid, when evidence was produced that the road was opened, there was a sufficient order for the pay-

ment of these damages by the County Commissioners. The plaintiff was entitled to his order as a matter of course, without any restrictions upon him, as to the use he would make of it. Evidence of the use to be made, or not to be made of the order was inadmissible. If the plaintiff had brought his action upon the judgment, the defendants would have successfully resisted that suit by showing a payment by the giving and acceptance of this order. The only question made by the defendants has been, whether the damages should be paid by the county of Somerset or by the county of Franklin. The proceedings were finished, and the damages assessed, while the land was in the county of Somerset; and that county should pay them.

The opinion of the Court, TENNEY J. being an inhabitant of the county of Somerset and taking no part in the decision, was drawn up by

SHEPLEY J. — This suit is upon an order drawn by the clerk of the courts upon the treasurer of the county, directing him to pay to the plaintiff the amount of damages occasioned by the location of a highway over his land.

The first objection to the plaintiff's right to recover is, that the way was not opened and made, where it was laid out. The statute of 1821, c. 118, authorized the court of sessions, whose power was transferred to the County Commissioners, to open and make a new highway upon application therefor, showing, that the town had improperly neglected to do it. In this case an application was made to the Commissioners of the county of Franklin at their session in April, 1839, to have the highway made. A committee was appointed for that purpose, a return of whose proceedings was made at their session in December following, and accepted. That return stated, that the way, which had been laid out over the land of the plaintiff, had been opened and made. It is now proposed to prove by parol testimony, that it was not made on the ground designated by the return of its location. The County Commissioners, having jurisdiction of the subject, have acted upon it, and

caused it to be made a matter of judicial decision and record, that the way has been opened and made according to the return of its location; and this must be considered as conclusive until vacated by some legal process and proceeding. If the parol testimony could be received, it might not show the fact to be otherwise. To avoid uncertainty in the location of highways, the act of March 4, 1833, c. 79, § 4, provided, that in all locations of highways monuments should be erected at the angles thereof. The return in this case stated, that stone monuments had been set up and marked at each angle. The mistake in the return, made in two courses by substituting the number of rods in one course for that in the other, might be corrected by the monuments named in the return and by those set up at the angles.

The jurisdiction of the Commissioners of the county of Franklin in the appointment of a committee to open and make the way is denied, because, as it is said, proceedings respecting this way were pending in the county of Somerset on the last Tuesday of April, 1838; and the fourth section of the act passed March 20, 1838, creating the county of Franklin, provided, that "every petition, process, matter or thing, which on the last Tuesday of April next, may be pending before the County Commissioners in said counties of Kennebec, Somerset and Oxford, shall be proceeded in and settled by said Commissioners." The act of March 17, 1835, c. 168, § 1, provided, that the County Commissioners, after having laid out a highway and made return and record thereof, should order a continuance to be entered until their second regular session, to allow petitions to be filed for an increase of damages. If none were then entered, the proceedings were to be considered as closed. If such petitions were entered, the proceedings were to be further continued, until the damages had been assessed. And when a return of such assessment had been made and accepted, the act declared, that "the record of the proceedings upon the said original petition shall be considered as completed and not before." In this case the return of an assessment of damages by a jury had been made and accepted

Woodman v. Somerset.

by the Commissioners of the county of Somerset, at their March Term, 1838, and they then ordered those damages to be paid to the plaintiff "when evidence is produced, that the road is opened." The proceedings on the original petition were thereby completed ; and could not be pending afterward on the last Tuesday of April following. The petition to have the way opened and made, being a new process, was correctly presented and acted upon by the Commissioners of the county of Franklin.

Another objection is, that the damages should be paid by the county of Franklin and not by the county of Somerset. But it has been already shown, that the proceedings on the original petition, by which the plaintiff became entitled to receive his damages, had been completed, and the county of Somerset thereby became liable to pay them at the proper time, before the county of Franklin had any legal existence.

The plaintiff had become entitled to receive his damages by the judgment of the County Commissioners upon the production of evidence, that the way had been opened and made. But the remedy provided by the act of February 23, 1828, c. 399, § 6, in case of refusal to pay, was an action of debt.

The clerk of the courts, for the county of Somerset, does not appear to have had any such authority to draw the order, as would change the remedy into an action of assumpsit, or bind the county by his promise.

The county cannot be considered as the drawer of the order, and the county treasurer having refused to accept or pay it, no action can be maintained upon it against the county.

*Plaintiff nonsuit.*